**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

---

ANNA M. BAKER

Plaintiff,

Case No.: CaseNumber

UCARE HEALTH, INC.

Involuntary Plaintiffs,

v.

DEALER'S CHOICE TRUCKAWAY SYSTEM, INC.;
JUNIOR SACRAMENTE JUAREZ;
ACE AMERICAN INSURANCE COMPANY

Defendants.

---

## NOTICE OF REMOVAL

---

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Dealer's Choice Truckaway System, Inc. dba Truckmovers, Junior Sacramente Juarez, and ACE American Insurance Company hereby remove this action from the Circuit Court of Jackson County, State of Wisconsin to the United States District Court for the Western District of Wisconsin. In support of removal, Defendants state as follows:

1. Plaintiff Anna M. Baker commenced this action on October 12, 2026 by filing a Complaint against Defendants in the Circuit Court of Jackson County, Wisconsin captioned *Anna M. Baker, et al. v. Dealer's Choice Truckaway System, Inc., et al.*, Case No. 2026CV000121 (the "State Court Action").

2. Plaintiff served a copy of the Complaint on Dealer's Choice Truckaway System, Inc. dba Truckmovers on October 27, 2026. A copy of the summons and complaint as served on Dealer's Choice Truckaway System, Inc. dba Truckmovers is attached hereto as **Exhibit A.**

Plaintiff served a copy of the Complaint on ACE American Insurance Company on October 13, 2026. A copy of the summons and complaint as served on ACE American Insurance Company is attached hereto as **Exhibit B**. Plaintiff served a copy of the Complaint on Junior Sacramente Juarez on October 17, 2026. A copy of the summons and complaint as served on Junior Sacramente Juarez's wife is attached hereto as **Exhibit C**.

3. The basis for removal is diversity of citizenship. Pursuant to 18 U.S.C. § 1332(a), United States District Courts have jurisdiction over all actions where the matter in controversy is in excess of $75,000, exclusive of interests and costs, and where the action is between citizens of different states.

**Diversity of Citizenship**

4. Plaintiff Anna M. Baker ("Baker") is an individual who resides in, and upon information and belief is domiciled in, Minnesota. (Exhibits A & B, Compl. ¶1.)[1] Therefore, Plaintiff Baker is a citizen of Minnesota.

5. Involuntary Plaintiff, UCare Health, Inc. ("UCare") is an insurance company organized under the laws of Minnesota and has its principle place of business in Minneapolis, Minnesota. (*See* Exhibits A & B, Compl. ¶ 2; Minnesota Secretary of State Business Entity Record for UCare Health, Inc. attached hereto as **Exhibit D.)** Accordingly, under 28 U.S.C. § 1332(c)(1), Involuntary Plaintiff UCare is a citizen of Minnesota.

6. Defendant Dealer's Choice Truckaway System, Inc. is a corporation organized under the laws of Kansas with its principal place of business in Missouri. (*See* Exhibits A & B, Compl. ¶ 3; Missouri Secretary of State Business Entity Record for Dealer's Choice Truckaway

[1] The Complaint lists Plaintiff's address as "602 Mankato Avenue, Apartment 112, Milwaukee, Minnesota 55987." Milwaukee is a city in Wisconsin, while the ZIP code and state given are Minnesota. The address given is located in Winona which is a city in Minnesota.

System, Inc. attached hereto as **Exhibit E**.) Accordingly, under 28 U.S.C. § 1332(c)(1), Defendant Dealer's Choice Truckaway System, Inc. is a citizen of Kansas and Missouri.

7. Defendant Junior Sacramente Juarez ("Juarez") is an individual who, at the time the State Court Action commenced and at the time of removal, was and is domiciled in New Mexico, where he resides. (*See* Exhibits A & B, Compl. ¶ 4.) Therefore, Defendant Juarez is a citizen of New Mexico.

8. Defendant ACE American Insurance Company ("ACE") is an insurance company organized under the laws of Pennsylvania and has its principle place of business in Philadelphia, Pennsylvania. (*See* Exhibits A & B, Compl. ¶ 5; Pennsylvania Secretary of State Business Entity Record for ACE American Insurance Company attached as **Exhibit F.**) Accordingly, under 28 U.S.C. § 1332(c)(1), Defendant ACE is a citizen of Pennsylvania

9. To the extent UCare is considered a nominal party to the action, its citizenship must be disregarded for diversity purposes. *See State Auto Ins. Cos. v. Whirlpool Corp*., 62 F. Supp. 3d 857, 861, n.4 (W.D. Wis. 2014). "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980). The Complaint joins UCare as an Involuntary Plaintiff under Wis. Stat. § 803.03 because UCare "alleges to have made payments on behalf of" Baker, and Baker herself "alleges doubt as to whether the Involuntary Plaintiff, UCare, is truly subrogated or interested in this action." (Exhibits A & B, Compl. ¶ 2.)

10. Alternatively, to the extent UCare is considered a real party in interest by virtue of its alleged subrogation interest, UCare should be aligned with Baker as a plaintiff for diversity purposes. Federal courts must "look beyond the pleadings, and arrange the parties according to their sides in the dispute." *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941). A

district court may realign parties "when the court finds that no actual, substantial controversy exists between the parties on one side of the dispute and their named opponents." *Wolf v. Kennelly*, 574 F.3d 406, 412 (7th Cir. 2009). Applying these principles, this Court has repeatedly treated a subrogated payor joined as an involuntary plaintiff as aligned with the plaintiff for diversity purposes. *See Estate of Pickard v. Wis. Cent. Ltd.*, 300 F. Supp. 2d 776, 778 (W.D. Wis. 2002) (holding that a subrogated health and welfare fund named as an involuntary plaintiff was a real party in interest whose interests are aligned with plaintiffs); *Bryant v. Stryker Corp.*, No. 12-cv-593-bbc, 2012 U.S. Dist. LEXIS 163936 at *4-5 (W.D. Wis. Nov. 16, 2012) (citations omitted). Indeed, "a subrogated insurer['s] interests are aligned with the plaintiff's interests, because both parties hope to obtain the maximum recovery possible." *Angell v. Walmart, Inc.*, No. 21-cv-736-jdp, 2022 U.S. Dist. LEXIS 875 at * 3 (W.D. Wis. Jan. 4. 2022).

11. Defendants Dealer's Choice Truckaway System, Inc. dba Truckmovers, Juarez, and ACE are citizens of Kansas, Missouri, New Mexico, and Pennsylvania and thus care completely diverse from Plaintiff, including Involuntary Plaintiff, who are citizens of Minnesota.

12. Therefore, complete diversity of citizenship exists in this action.

**<u>Amount in Controversy</u>**

13. The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff seeks damages for "bodily injury, medical expenses, pain and suffering, loss of earning capacity and/or income, and other damages." (Exhibits A, B, & C, Compl. ¶16.)

14. Accordingly, jurisdiction over the subject matter of this case is conferred by 28 U.S.C. §§ 1332(a) and 1441.

**<u>All Procedural Requirements Have Been Met</u>**

15. Pursuant to 28 U.S.C. § 1441(a), removal to this Court is appropriate because it is the District within which the Circuit Court is pending.

16. In accordance with 28 U.S.C. § 1446(a), copies of the Summons and Complaint served upon removing Defendants Dealer's Choice Truckaway System, Inc. dba Truckmovers and ACE American Insurance Company are attached hereto as Exhibits A and B, respectively. A copy of all other filings currently available from the circuit Court, along with a copy of the docket sheet for the Circuit Court dated November 16, 2026, is attached hereto as **Exhibit G**.

17. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it has been filed within thirty (30) days of the purported service of process on Defendants. "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

18. 28 U.S.C. § 1446(b)(2)(A) provides that "when an action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Here, all Defendants are represented by the undersigned counsel and consent to removal of this action.

19. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served upon Plaintiff and will be filed with the Clerk of the Circuit Court of Jackson County, Wisconsin.

20. By filing this Notice of Removal, Defendants do not waive any defenses that may be available to them (including, without limitation, any defenses relating to service, process, jurisdiction), and do not concede that any allegations in the Complaint state a valid claim under any applicable law.

THEREFORE, having established all of the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all jurisdictional requirements established by 28 U.S.C. § 1332, Defendants Dealer's Choice Truckaway System, Inc. dba Truckmovers, Junior Sacramente Juarez,

and Ace American Insurance Company, give notice that they remove this case to the United States District Court for the Western District of Wisconsin.

Dated: November 12, 2026

By: */s/ Daniel J. Hollis*
One of the Attorneys for Defendants Dealers Choice Truckaway System, Inc. dba Truckmovers, Junior Sacramente Juarez, and Ace American Insurance Company

Andrew P. Trevino, SBN 1097542
Daniel J. Hollis, SBN 1128071
Hinshaw & Culbertson LLP
790 North Water Street, Suite 1950
Milwaukee, WI 53202
(414) 276-6464
atrevino@hinshawlaw.com
dhollis@hinshawlaw.com